IN THE SUPREME COURT OF TEXAS

 

════════════

No. 04-0631

════════════

 

County of Dallas, Texas and Derrick Evans, 

Constable Precinct 7,
Petitioners

 

v.

 

Lamar Walton, Respondent

 

════════════════════════════════════════════════════

On Petition for Review from the

Court of Appeals for the Fifth District of Texas

════════════════════════════════════════════════════

 

Argued March 22,
2005

 

 

Justice Brister, joined by Chief
Justice Jefferson, Justice
O’Neill, and Justice Medina,
concurring.

 

For
the reasons stated in my separate opinion in County of Dallas v. Wiland,[1]
I would affirm the court of appeals’ judgment.

The
facts here differ from those in Wiland in only three respects. First, Walton
was discharged in the middle of a term rather than at the end. But as the Court
unanimously holds in Wiland, in 2001 a Dallas County deputy’s term did
not expire when a constable left office, and could only be terminated for just
cause.[2] As the County failed to assert any
just cause in its summary judgment motion, it is immaterial when the discharge
took place.

Second,
when Constable Jernigan reappointed deputy Lamar Walton in January 2001, Walton
was required to sign a notarized statement that the appointment “was at the
will and pleasure of the Constable, and may be rescinded at any time,” and if
not rescinded “will expire automatically at the expiration of the Constable’s
term of office.” I agree with the Court that this document did not and could
not change Dallas County’s civil service rules. State law authorized Dallas County’s Civil Service Commission — not Constable Jernigan — to adopt rules
governing the employment and dismissal of covered employees.[3] There
would be little purpose for civil service systems if individual supervisors
could cancel them with documents like this.

Third,
unlike in Wiland, the County’s motion for summary judgment here actually
asserted that public employees did not have substantive due process rights to
continued employment. For the reasons stated in Wiland, I would not
render judgment on this uncertain question. As the County did not prove or even
allege that Walton would have been dismissed for just cause had he been given a
hearing, he is entitled to a trial on his procedural due process claim for lost
wages.

Accordingly,
while I would not render judgment on Walton’s substantive due process claim, I
join in the remainder of the Court’s judgment.

 

____________________________

Scott Brister,

Justice

 

OPINION DELIVERED: February 16, 2007











[1] S.W.3d .





[2] Id. at __.





[3] See Tex.
Loc. Gov’t Code § 158.009.